Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* George Drugotch, Appellee.

Argued May 11, 1973, before Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General,

*Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*George J. Guinta, Jr.,* for appellee.

OPINION BY JUDGE MENCER, July 19, 1973:

On July 6, 1972, George Drugotch (appellee) was involved in a two-car accident at the intersection of Route 1 and Route 202 in Delaware County. Arriving after the mishap, an officer of the Pennsylvania State Police discovered appellee sitting behind the steering wheel of one of the automobiles with its engine running. When the appellee stepped from his car, the officer noted his staggering gait and a strong odor of alcohol on his breath. Appellee was then arrested for violation of Section 1037 of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1037 (driving while under the influence of intoxicating liquor), and transported to the Media Substation of the Pennsylvania State Police where he was requested to submit to a chemical breath test for determining blood alcohol content. He refused.

Upon receiving the report of appellee's refusal to submit to chemical breath testing, the Secretary of Transportation, pursuant to Section 624.1(a) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §624.1(a), suspended appellee's license to operate a motor vehicle for a period of six months. Appellee petitioned the Court of Common Pleas of Delaware County for a hearing de novo. An order of supersedeas issued and, after hearing, appellee's appeal was sustained by the lower court and his driving privileges were reinstated by an order issued November 8, 1972. On December 6, 1972, the Commonwealth filed this appeal from the lower court's order.

In an appeal to this Court arising from a suspension of a motor vehicle driver's license our scope of

review is firmly established. On examination of the record below, the action of the lower court will not be disturbed unless its findings are not supported by competent evidence or the lower court made erroneous conclusions of law or its decision exhibits manifest abuse of discretion. *Yockers v. Department of Transportation,* 4 Pa. Commonwealth Ct. 95, 285 A. 2d 893 (1972); *Commonwealth v. McCartney,* 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971). The lower tribunal, not having the benefit of our recent decision in *Miles v. Commonwealth,* 8 Pa. Commonwealth Ct. 544, 304 A. 2d 704 (1973), incorrectly concluded that a Section 624.1(a) license suspension could not be imposed incident to an invalid arrest. Such conclusion constitutes an error of law in light of *Miles* and is reversible under the above delineated scope of review. Consequently, we must reverse the decision below and affirm the Secretary's determination.

Section 624.1(a) provides, *inter alia*: "Any person who operates a motor vehicle . . . in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood: Provided, That the test is administered . . . at the direction of a police officer *having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor.* . . . If any person is placed under *arrest* and *charged* with . . . [a Section 1037 violation] and is thereafter *requested* to submit to a chemical test and *refuses* to do so, the test shall not be given but the secretary may suspend his license . . . without a hearing." (Emphasis added.) The interpretation of such language is expressly established in *Miles v. Commonwealth, supra,* a case with a fact situation similar to that of the instant appeal. In *Miles,* with reference to Section 624.1(a), this Court held: "[*I*]*f, in fact,* a person is (1) placed under arrest and (2) charged with

the operation of a motor vehicle while under the influence of intoxicating liquor and (3) is requested to submit to a breathalyzer test and (4) refuses to do so, the Secretary may suspend that person's operator's license. It is not a question of the lawfulness of the arrest or the admissibility into evidence of the results of the test, but rather the refusal to submit to the test at a time when Section 624.1(a) is applicable. It is a factual determination not a legal determination." 8 Pa. Commonwealth Ct. at 551, 304 A. 2d at 708. Though validity of the arrest is an issue in a criminal proceeding against the alleged Section 1037 violation, it is totally irrelevant to a determination of license suspension under Section 624.1(a). This Court has held in *Miles* that Section 624.1(a) contains absolutely *no* requirement that the arrest be valid; the statute merely directs that the arresting officer have "reasonable grounds" to believe a Section 1037 violation has been committed.

Clearly, in this instance the arresting officer did have *reasonable grounds* to believe that appellee had been driving under the influence of intoxicating liquor. The appellee was arrested, charged with operating a motor vehicle while under the influence and requested to submit to a breath test. Upon refusing to submit to the chemical test, he has no legal defense to imposition of Section 624.1(a) penalties.

The order of the court below is reversed, and the order of suspension imposed by the Secretary of Transportation is reinstated. A reinstated suspension shall be issued within thirty days.