John E. Lindenmuth, Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued December 6, 1973, before Judges CRUM-LISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Joseph A. Zane,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 4, 1974:

This is an appeal from an order of the Court of Common Pleas of Schuylkill County which, after a hearing de novo, sustained the Secretary of Transportation's suspension of John E. Lindenmuth's driver's license.

On December 16, 1971, Lindenmuth was placed under arrest and charged with operating a motor vehicle while under the influence of intoxicating liquor. He refused the request of the arresting officer and the local magistrate to submit to a breathalyzer test, and his license was thereafter suspended by the Secretary of Transportation for six months pursuant to Section 624.1(a) of The Vehicle Code.[1] On appeal of this sus-

---

[1] Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §624.1(a).

pension to the lower court, as here, Lindenmuth contended that his refusal to submit to a breathalyzer test cannot be the basis of a suspension because (1) the request was not made incident to a lawful arrest, and (2) the arresting officer did not have reasonable grounds to believe he was driving under the influence of intoxicating liquor before the test was given.

As to the first condition, this Court's decision in *Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 304 A. 2d 704 (1973) is controlling. In *Miles,* as here, Appellant argued that since the arresting officer did not observe him driving his motor vehicle and did not obtain a warrant for his arrest, the arrest was unlawful and no suspension could result therefrom. In squarely holding that the applicability of Section 624.-1(a) did not depend on the validity of the arrest, Judge MENCER, writing for this Court, said: "[I]f, in fact, a person is (1) placed under arrest and (2) charged with the operation of a motor vehicle while under the influence of intoxicating liquor, and (3) is requested to submit to a breathalyzer test and (4) refuses to do so, the Secretary may suspend that person's operator's license. It is not a question of the lawfulness of the arrest or the admissibility into evidence of the results of the test, but rather the refusal to submit to the test at a time when Section 624.1(a) is applicable. It is a factual determination not a legal determination." (8 Pa. Commonwealth Ct. at 551, 304 A. 2d at 708.) *See also Bureau of Traffic Safety v. Drugotch,* 9 Pa. Commonwealth Ct. 460, 308 A. 2d 183 (1973).

The question of whether the arresting officer had reasonable grounds to believe Lindenmuth had been driving under the influence of intoxicating liquor is also a factual determination within the province of the lower court. We find that there is competent evidence to support the lower court's ruling that the arresting officer had such reasonable grounds and so we may not

disturb this finding on appeal. *See Bureau of Traffic Safety v. Drugotch, supra; Bureau of Traffic Safety v. Vairo,* 9 Pa. Commonwealth Ct. 454, 308 A. 2d 159 (1973). The record establishes that the arresting officer arrived at the scene of a two-car accident and found Lindenmuth "half in and half out" of the front door of his automobile. The officer testified that Lindenmuth was glassy-eyed, his speech slurred, he staggered about, and had difficulty in presenting his operator's license. Lindenmuth attempted to justify his appearance and conduct by relating them to a head injury sustained in the collision.[2] Obviously, the court below did not believe him, and since it is not for this Court, but the court hearing the matter de novo, to pass on the credibility of witnesses, *see Commonwealth v. Toole,* 9 Pa. Commonwealth Ct. 202, 304 A. 2d 177 (1973), the order is affirmed. A reinstated suspension of six months shall be issued within thirty days.

---

[2] The fact and extent of this injury would be relevant to whether Lindenmuth knowingly and consciously refused to take a breathalyzer test. Although Lindenmuth testified at the de novo hearing that he was woozy and could not remember refusing the test, he failed to produce any medical evidence which would establish the existence of a concussion or another disabling condition. Moreover, there is substantial evidence to the contrary showing that Lindenmuth had sufficient control of his faculties to make an unequivocal refusal. *See Commonwealth v. Passarella,* 7 Pa. Commonwealth Ct. 584, 300 A. 2d 844 (1973).