Commonwealth of Pennsylvania *v.* Ray Earl Griffie, Appellant.

Argued June 6, 1975, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Marlin R. McCaleb,* with him *Martson and Snelbaker* for appellant.

*Harold H. Cramer,* with him *John L. Heaton,* Assistant Attorney General, *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, October 23, 1975:

The appellant here was arrested in North Middleton Township on February 6, 1973 and charged with operating a motor vehicle while under the influence of intoxi-

cating liquor. Because of his subsequent refusal to submit to a chemical analysis of his breath, his driving privileges were suspended for six months by the Secretary of Transportation pursuant to Section 624.1(a) of The Vehicle Code,[1] 75 P. S. §624.1(a). The appellant, relying on *Commonwealth v. Troutman,* 223 Pa. Superior Ct. 509, 302 A.2d 430 (1973), appealed his suspension to the Court of Common Pleas of Cumberland County primarily on the basis that the arresting officer was a policeman for the Borough of Carlisle and, therefore, lacked authority to cross the Borough line into North Middleton Township in order to make an arrest in hot pursuit of a misdemeanant.[2] The lower court affirmed the Secretary's suspension and an appeal has been taken to this Court.

The appellant argues essentially that Section 624.1(a) is unconstitutional in that it does not require a *lawful* arrest prior to a request to submit to the breath test. He recognizes that a number of cases decided by this Court have held that the Secretary's power to suspend under that Section is not dependent upon the lawfulness of the arrest which precedes a request to submit to the breath test. *Hall v. Bureau of Traffic Safety,* 12 Pa. Commonwealth Ct. 189, 316 A.2d 135 (1974) ; *Lindenmuth v. Bureau of Traffic Safety,* 12 Pa. Commonwealth Ct. 134, 316 A.2d 141 (1974) ; *Bureau of Traffic Safety v. Drugotch,* 9 Pa. Commonwealth Ct. 460, 308 A.2d 183 (1973) ; *Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973). Most recently in *Glass v. Bureau of Traffic Safety,* Pa. , 333 A.2d 768 (1975) our Supreme Court has held that a lawful arrest is not a prerequisite to suspension under Section 624.1(a).

---

1. Act of April 29, 1959, P. L. 58, *as amended.*

2. Section 1 of the Act of August 6, 1963, P. L. 511, 19 P. S. §11 has subsequently been amended as of November 2, 1973 so that Borough police officers are now clearly authorized to make such an arrest outside the Borough limits.

The "arrest" requirement contemplated by that Section merely refers to the physical restraint upon one's personal freedom, regardless of whether or not that restraint has been exercised in accordance with law. *Glass, supra.* Appellant would have us hold, however, that such an interpretation of the term "arrest" has rendered Section 624.1(a) unconstitutional, yet he has failed to show in any way how its application to him has violated any constitutional right.

The appellant's arrest was unlawful only because of a statutory limitation upon the authority of the arresting officer, a limitation which has been held, as a matter of state law, inapplicable to license suspension proceedings. *Civitello v. Bureau of Traffic Safety,* 11 Pa. Commonwealth Ct. 551, 315 A.2d 666 (1974). The lower court perceived well the distinction between an arrest which could not be authorized by statute because it unlawfully violates one's constitutional rights and an arrest which is unlawful simply because it violates a statute. It recognized that this case falls only within the latter classification, and we must agree.

The appellant also argues that the arresting police officer here lacked reasonable grounds for believing the appellant to be under the influence of intoxicating liquor. This is, of course, a factual determination within the province of the lower court so that if there was competent evidence to support the lower court's determination that the arresting officer had such reasonable grounds, we may not disturb that finding on appeal. *Lindenmuth, supra.* The arresting officer here testified that he observed the appellant weaving three times across the centerline of the roadway along which he was driving in the Borough. He further testified that, upon stopping the appellant in North Middleton Township, a few blocks away, he approached the appellant and observed that his breath smelled of alcohol. He also stated that the appellant admitted having had a few

drinks. In the face of this testimony we will not disturb the lower court's determination that the police officer had reasonable grounds for believing appellant to be under the influence of intoxicating liquor. Nor can we hold that the lower court should not have considered the observations made by the arresting police officer after the unlawful stop outside of his jurisdiction.

In our view, the lawfulness of neither the stop nor the arrest is significant here, where the purpose thereof was to request a driver suspected of driving under the influence of intoxicating liquor to submit to the breathalyzer test.

The lower court is, therefore, affirmed.