Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Dorsey M. Shultz, Appellee.

Argued March 5, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Norman Mittman,* for appellee.

600

Opinion by Judge Blatt, July 22, 1976:

This is an appeal by the Department of Transportation, Bureau of Traffic Safety (Department) from a decision, dated October 10, 1975, of the Court of Common Pleas of Montgomery County which reversed the Department's suspension of Dorsey M. Shultz' driving privileges. On September 20, 1974, Shultz was arrested and charged with operating a vehicle while under the influence of intoxicating liquors, a violation of Section 1037 of the Vehicle Code[1] (Code), 75 P.S. §1037, and taken to the police station where he refused to submit to a chemical test of his breath. Section 624.1(a) of the Code, 75 P.S. §624.1(a), provides:

"Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood: Provided, That the test is administered by qualified personnel and with equipment approved by the secretary *at the direction of a police officer having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor.* Qualified personnel means a physician or a police officer who has received training in the use of such equipment in a training program approved by the secretary. *If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so,* the test shall not be given but *the secretary may suspend his license* or permit *to operate a motor vehicle* or tractor with or without a hearing. Any person whose license

---

[1] The Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §101 et seq.

or permit to operate a motor vehicle or tractor is suspended under the provisions of this act shall have the same right of appeal as provided for in cases of suspension for other reasons." (Emphasis added.)

Pursuant to this statutory provision, Shultz' operating privileges were suspended on May 12, 1975 for a period of six months commencing June 16, 1975. The lower court, however, sustained his appeal and reversed the suspension, because it found that "the arresting officers did not have reasonable grounds to believe that [Shultz] had been operating a motor vehicle under the influence of intoxicating liquors."

We are faced here with two issues: (1) whether or not Section 624.1(a) of the Code requires that the arresting police officer have reasonable grounds to believe that the person, who is arrested for a violation of Section 1037 of the Code and requested to submit to a chemical test of his breath for the purpose of determining the alcoholic content thereof, had been driving while under the influence of alcohol; and (2) if "reasonable grounds" are so required, whether or not the trial court properly reversed the suspension.

In *Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 551, 304 A.2d 704, 708 (1973), this Court concluded that

"*if, in fact,* a person is (1) placed under arrest and (2) charged with the operation of a motor vehicle while under the influence of intoxicating liquor and (3) is requested to submit to a breathalyzer test and (4) refuses to do so, the Secretary may [pursuant to Section 624.1(a) of the Code] suspend that person's operator's license." (Emphasis in original.)

The Court prefaced this conclusion, however, by stating that

"the Legislature, in Section 624.1(a), stated that the breathalyzer test is to be administered at the

direction of a police office 'having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor.'" *Miles, supra,* 8 Pa. Commonwealth Ct. at 550-551, 304 A.2d at 708.

In *Bureau of Traffic Safety v. Drugotch,* 9 Pa. Commonwealth Ct. 460, 463, 308 A.2d 183, 185 (1973), we cited *Miles* and held that, pursuant thereto, in determining the validity of a license suspension under Section 624.1(a) of the Code, "the statute merely directs that the arresting officer have 'reasonable grounds' to believe a Section 1037 violation has been committed." (Hereinafter "reasonable grounds".)

In *Drugotch,* we upheld a license suspension by the Department because we held it was clear there that the arresting officer had the requisite "reasonable grounds."

In *Lindenmuth v. Bureau of Traffic Safety,* 12 Pa. Commonwealth Ct. 134, 316 A.2d 141 (1974), one of the issues specifically presented to this Court on appeal from a Section 624.1(a) suspension was whether or not the lower court had properly determined that the arresting officer had the requisite "reasonable grounds." There, we affirmed both the lower court's ruling that "reasonable grounds" existed and the license suspension pursuant to Section 624.1(a) of the Code. *Accord, Commonwealth v. Griffie,* 21 Pa. Commonwealth Ct. 403, 346 A.2d 838 (1975). Finally, in *Bureau of Traffic Safety v. Barrett,* 22 Pa. Commonwealth Ct. 559, 349 A.2d 798 (1976), we remanded a Section 624.1(a) license suspension to the lower court for a determination of whether or not the arresting officer had the requisite "reasonable grounds" and stated that if he did, then the suspension must be sustained.

We believe that the plain language of the statute and the cited authority clearly establish that, as a

condition precedent to a suspension of operating privileges pursuant to Section 624.1(a), the arresting officer[2] must have had reasonable grounds to believe that the person charged with a violation of Section 1037 of the Code had been driving while under the influence of intoxicating liquor. *See Glass v. Bureau of Traffic Safety,* 460 Pa. 362, 333 A.2d 768 (1975).

Turning to the second issue, our scope of review of the lower court's reversal of a license suspension pursuant to Section 624.1(a) of the Code is limited to whether or not: (1) the lower court's findings were supported by competent evidence; (2) errors of law were committed; or (3) the lower court's decision constituted a manifest abuse of discretion. *Drugotch, supra.* Whether or not the arresting police officer here lacked reasonable grounds for believing that the appellant had been operating a motor vehicle while under the influence of intoxicating liquor is a mixed question of law and fact.

The arresting officer here testified that he was called to the scene of a minor traffic accident and, once there, he detected an odor of alcohol on the breath of Mr. Shultz. While Shultz admitted that he had earlier had a drink, he further testified: (1) that he had called the police to the scene of the accident, after finding the number in the telephone book at a nearby pay telephone; (2) that he had handed both his operator's license and vehicle registration cards to the officer without any difficulty; (3) that he had been very upset at the time because the other driver involved in the accident had brandished a knife at him; and (4) that he had told the police officer

---

[2] It is well established that "arrest" means the physical act of arrest; a "physical restraint upon one's personal freedom", *Griffie, supra,* 21 Pa. Commonwealth Ct. at 406, 346 A.2d at 840, and it is also clear that a "legal" arrest is not required. *See Glass, supra.*

at the scene that any unsteadiness in his gait and the fact that he could not walk a straight line were because he did not have a great toe on one of his feet nor did he have any cartilage in his knees. The trial court, hearing the matter de novo, must, of course, pass on the credibility of the witnesses. *Lindenmuth, supra.* The phrase "under the influence of intoxicating liquor" includes both the well-known and easily-recognizable conditions of intoxication and any other abnormal mental or physical condition resulting from indulgence in intoxicating liquor which tends to deprive the motor vehicle operator of the clearness of intellect and control that he or she would normally possess. *Commonwealth v. Kelly,* 196 Pa. Superior Ct. 265, 175 A.2d 918 (1961). "Reasonable grounds" exist when the arresting officer has knowledge of sufficient facts and circumstances to warrant a prudent man in believing that the driver was operating his vehicle while under the influence of intoxicating liquor. *Commonwealth v. Quarles,* 229 Pa. Superior Ct. 363, 324 A.2d 452 (1974). The trial court weighed the evidence here and determined that the arresting officer did not have reasonable grounds to believe that Mr. Shultz had been operating his vehicle while under the influence of intoxicating liquor. Although this is a close case, we believe that this determination by the trial court is supported by the record and does not constitute an error of law. We, therefore, issue the following

## ORDER

AND Now, this 22nd day of July, 1976, the decision of the lower court is affirmed.