Anthony Bruno, Sr., Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs June 5, 1980, to Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*John P. Pesota*, for appellant.

*Harold H. Cramer*, Assistant Attorney General, with him *Ward T. Williams*, Chief Counsel, Transportation, and *Harvey Bartle, III*, Acting Attorney General, for appellee.

OPINION BY JUDGE WILLIAMS, JR., October 24, 1980:

This is an appeal by Anthony Bruno, Sr., from an Order of the Court of Common Pleas of Lackawanna County, affirming the suspension of his driver's license for his refusal to submit to a breathalyzer test.

On August 19, 1978, appellant Bruno was involved in a hit and run accident. After the accident Bruno proceeded to 213 Oak Street in Dickson City, Lackawanna County, from where he called the Dickson City Police and requested that a police officer be dispatched to that address. Officer Anthony Adamitis was dispatched to 213 Oak Street by police radio.

Upon his arrival at that address, Adamitis was admitted to the residence by a woman, Phyllis Sunday. As he entered the house, the officer encountered the appellant, who came from another room. Appellant Bruno then informed the officer that he had been involved in an accident. Officer Adamitis testified that as Bruno approached him, he observed that the appellant's speech was slurred, and that Bruno was staggering markedly as he entered the room. At that time, Officer Adamitis arrested Bruno for driving under the influence of alcohol, based on these observations.

After placing Bruno under arrest, Officer Adamitis asked Bruno if he would submit to a breathalyzer test. The appellant, ostensibly uncertain as to the nature and consequences of the test, neither unequivocally agreed nor refused to submit to it at that time. Nonetheless, Officer Adamitis advised Bruno at the scene of the arrest that a refusal to submit to the test would result in suspension of Bruno's license.

Shortly thereafter appellant was transported to the Dunmore State Police Barracks by Officer Adamitis. At the State Police Barracks, Bruno was confronted by State Trooper Evan Jones, a certified breathalyzer operator. Trooper Jones also asked the appellant if he would submit to the test, and also advised him of the consequences of refusing to do so. Appellant's response to the additional admonition was: "I won't take the test. Suspend me."

Because of his refusal to submit to the breathalyzer test, appellant's operator's license was suspended for

six months by Order of the Secretary of Transportation. The Bureau of Traffic Safety of the Department of Transportation, on September 7, 1978, mailed written notice to the appellant of this suspension due to violation of Section 1547(b)(1) of the Vehicle Code, 75 Pa. C. S. §1547(b)(1), in that he did knowingly and consciously refuse to take a breathalyzer test as required under that section of the Code.

Appellant Bruno appealed that suspension to the Court of Common Pleas of Lackawanna County. After a hearing *de novo,* that court dismissed Bruno's appeal and affirmed the suspension of his license. It is that order which is now on appeal in this Court.

The appellant raises two contentions as grounds for appellate relief: (1) that the decision of the trial judge denying the appeal was not supported by competent evidence, in that the arresting officer did not have reasonable grounds to believe that the appellant was operating a motor vehicle while under the influence of intoxicants; and (2) that the trial judge committed an error of law in finding that appellant Bruno committed a willful and knowing refusal to submit to a breathalyzer test. We find no merit in either of these contentions.

This Court has held that for suspensions under Section 1547 the Commonwealth must prove the following: (1) that the licensee was placed under arrest upon the charge of driving while intoxicated, and that the arresting officer had reasonable grounds to believe that the licensee was driving while intoxicated; (2) that the licensee was requested to submit to a breathalyzer test; (3) that he refused to do so; and (4) that the licensee was warned that a suspension or revocation of his license would follow from a refusal to submit to a breathalyzer test. *Department of Transportation, Bureau of Traffic Safety v. Quinlan,* 47 Pa. Commonwealth Ct. 214, 408 A.2d 173 (1979).

The record is clear that the Commonwealth has maintained its burden of proving each of these requisite elements. Appellant Bruno was arrested at the home of Ms. Sunday by Officer Adamitis, reasonable grounds having been established by the appellant's slurred speech and pronounced staggering in the presence of the arresting officer. Bruno was then twice requested to take the breathalyzer test; which, the testimony established, he refused to do. The record further establishes that Bruno was twice advised of the consequences of refusing to submit to the test.

Appellant contends that the arresting officer's perceptions of appellant's slurred speech and staggering gait are insufficient to establish reasonable grounds, because Officer Adamitis failed to testify to an odor of alcohol about the appellant's person. We reject appellant's contention that the absence of such evidence negates reasonable grounds for Bruno's arrest. It has been established by this Court that whether evidence is sufficient to constitute reasonable grounds for such an arrest must be decided on a case-by-case basis. *Department of Transportation, Bureau of Traffic Safety v. Dreisbach*, 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976). The only valid inquiry on this issue at a *de novo* hearing is whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist had operated the vehicle while under the influence of intoxicating liquor. *Driesbach, supra*. The mere absence of an odor of alcohol is insufficient to minimize the arresting officer's other observations as established by the record before us. The fact that there may actually be some other explanation of defendant's conduct is not material. *Driesbach, supra*.

Appellant's second contention, that the court below committed an error of law in finding that appellant

358

knowingly and consciously refused to submit to the breathalyzer test, is equally without merit. It is the law of this state that once the Commonwealth has established that a defendant did in fact refuse to submit to a breathalyzer test, the burden shifts to the defendant to prove by competent evidence that he was physically unable to take the test, or incapable of a conscious and knowing refusal. *Ford v. Department of Transportation, Bureau of Traffic Safety,* 45 Pa. Commonwealth Ct. 268, 406 A.2d 240 (1979). *Commonwealth v. Passarella,* 7 Pa. Commonwealth Ct. 584, 300 A.2d 844 (1973). The record before us presents the testimony of two police officers that appellant, when requested to submit to the breathalyzer test, responded in the presence of both of them: "I won't take the test. Suspend me." The only evidence offered by appellant to refute that testimony is appellant's own testimony that he refused to take the test because he was not informed of the consequences of such a refusal. Resolution of such conflicting testimony is a question of credibility for the finder of fact. The lower court had the power to infer from all the evidence that appellant was capable of making a knowing and conscious refusal, and the power to reject his testimony to the contrary. The lower court exercised that power adversely to the appellant. It is not for us to disturb that factual determination by the court below. Such questions of credibility are left to the tribunal that hears the testimony. *McMahon v. Commonwealth,* 39 Pa. Commonwealth Ct. 260, 395 A.2d 318 (1978).

In cases of license suspension for refusal to take a breathalyzer test, the Commonwealth Court's scope of review is limited to determining whether the lower court's findings are supported by competent evidence, whether an error of law has been committed, and whether the lower court's decision constitutes a manifest abuse of discretion. *Department of Transporta-*

*tion, Bureau of Traffic Safety v. Shultz,* 25 Pa. Commonwealth Ct. 598, 360 A.2d 754 (1976). We find no such deficiencies in the record before us; and therefore, we affirm the order of the lower court.

### ORDER

AND Now, the 24th day of October, 1980, the order of the Court of Common Pleas of Lackawanna County at No. 2305 of September Term, 1978, is affirmed.