## Commonwealth v. Carr

*Richelle D. Sanders,* Deputy Attorney General, for the Commonwealth.
*Arnold E. Rubin,* for defendant.

BLOOM, *J.* April 11, 1983—The matter currently before this court involves the defendant's suspension for failure to take a breathalyzer test. The facts of this matter are not in dispute. On May 22, 1981, defendant was stopped by a member of the Aldan Police Department. After speaking to defendant and noticing an order of alcohol on his breath, the officer requested that defendant submit to a breathalyzer test. Defendant cursed at the officer and refused to take the test. The officer advised defendant that if he refused to submit to the test, he would have his license revoked for a six month period. Defendant again refused to take the test.

As a result of the refusal, the Department of Transportation suspended defendant's license for a period of six months. From the Department's order, defendant has appealed.

The basis of defendant's appeal is that he was under doctor's care and that his doctor had ordered him not to submit to tests.

Accordingly, this court is asked to determine if the doctor's orders constitute a defense to a refusal to submit to a breathalyzer test.

Under the laws of this Commonwealth, once the Department of Transportation has established the motorist's refusal to submit to the test, the burden then shifts to the motorist to prove by competent evidence that he was physically unable to take the test and incapable of conscious and knowing refusal. Bruno v. Com. Dept. of Transp., 54 Pa. Commw. 353, 422 A.2d 217 (1980).

Reviewing the evidence, we find that defendant's doctor had ordered defendant not to submit to any tests. However, during her deposition, she stated that her order of refusal referred only to medical tests. Likewise, we note that the doctor had ordered defendant not to drink alcoholic beverages. This court finds it unique that defendant only follows doctor's orders when it meets his convenience.

Accordingly, we must find that defendant has failed to meet his burden in that he was unable to take the test.

Therefore, we enter the following

### ORDER

And now, this April 11, 1983, after presentation of testimony and review of briefs submitted by respective counsel, it is hereby ordered and decreed that:

1. The appeal of defendant is dismissed.

2. The order of the Department of Transportation suspending defendant's license for six months is reinstated.