504 A.2d 430

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Thomas McDonald, Appellee.

118

Submitted on briefs December 17, 1985, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE DOYLE, February 11, 1986:

This is an appeal by the Pennsylvania Department of Transportation (DOT) from an order of the Court of Common Pleas of Philadelphia County reversing a DOT action suspending the operating privileges of Thomas F. McDonald (Licensee) for refusal to sub-

mit to a breathalizer examination pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547.

The only issue before us for review is whether Licensee was given an adequate warning that the refusal to submit to a breathalizer test would result in the suspension of his operating privileges.[1] The trial court determined, without any explanation whatsoever, that "the requisite warnings were not given".

The order of the trial court can be overturned only if the necessary findings of fact are unsupported by competent evidence, an error of law has been committed, or there has been a manifest abuse of discretion by the lower court. *Bruno v. Department of Transportation,* 54 Pa. Commonwealth Ct. 353, 422 A.2d 217 (1980). In the instant case no testimony whatever was offered by Licensee. DOT, in support of its burden to demonstrate that warnings were given, presented the testimony of the officer who administered the examination. This witness testified that Licensee was warned three times that if he "refused to take the test or activate the instrument . . . he would lose his license. . . ." N.T. at 6. Despite this testimony, the trial court found that Licensee had not received adequate warnings. While we are cognizant that it is within the province of the trial court to decide *credibility* issues, *Bruno,* the trial court here raised no such issue, did not discount the testimony of the DOT witness, nor did the court discredit his testimony in any way. Since the trial court has not questioned the credibility of the only witness on the issue of whether warnings were given, and *no contrary evi-*

---

[1] To sustain its burden in cases such as this one DOT must prove that the licensee was placed under arrest, that he was requested to take a breathalizer test, that he refused the request, and that he was warned that a refusal would result in suspension or revocation of his license. *Bruno v. Department of Transportation,* 54 Pa. Commonwealth Ct. 353, 422 A.2d 217 (1980).

120

dence has been offered, any finding that there were *no* warnings given would be without basis and constitute an abuse of discretion. Similarly, since the only evidence on record clearly establishes that the warnings given were legally sufficient under the *Bruno* standard, any conclusion that the requisite warnings were not given would be an error of law and must be reversed.

For these reasons the order of the trial court is reversed and the DOT suspension is reinstated.

### ORDER

Now, February 11, 1986, the order of the Court of Common Pleas of Philadelphia County, No. 1325 November Term, 1983, dated April 16, 1984, is reversed and the Department of Transportation's suspension of Licensee's operating privileges is reinstated.