533 A.2d 512

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Richard J. Cantanese, Appellee.

Submitted on briefs October 5, 1987, to Judges CRAIG, DOYLE and BARRY, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

*Dennis J. Clark,* for appellee.

OPINION BY JUDGE DOYLE, November 17, 1987:

This is an appeal by the Pennsylvania Department of Transportation (DOT) from an order of the Court of Common Pleas of Allegheny County reversing a DOT action suspending the operating privileges of Richard J. Cantanese (Licensee) for refusal to submit to a blood-alcohol test pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547. We reverse.

After being involved in a hit-and-run collision, Licensee was requested to take a blood-alcohol test by the arresting officer and he refused. DOT subsequently

suspended his operating privileges for one year. Upon Licensee's appeal, the trial court overturned the suspension, reasoning as follows:

> We held Defendant not guilty of the accusation that he was operating an automobile under the influence of intoxicants for the reason that there was no proof that he had been operating an automobile while intoxicated or otherwise. Since the sole purpose of demanding that operators submit to tests for blood, breath, or urine is to obtain evidence to convict them of driving under the influence of intoxicants or other controlled substances, no penalty can or should be assessed against them for refusing to take tests which would be to no avail.

Trial Court Op. at 2. DOT subsequently brought this appeal.[1]

The reasoning of the trial court was erroneous. In order to justify the suspension of a motorist's privilege for refusal to submit to a chemical test, it is only necessary for the arresting officer to have "reasonable grounds" to believe the person charged with the violation had been driving while intoxicated. 75 Pa. C. S. §1547(a); *Department of Transportation, Bureau of Traffic Safety v. Schultz,* 25 Pa. Commonwealth Ct. 598, 360 A.2d 754 (1976). If a reasonable person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the motorist had operated the vehicle while under the influence of alcohol, such reasonable

---

[1] Our scope of review of the trial court's order is limited to determining whether necessary findings of facts are unsupported by competent evidence, an error of law has been committed, or there has been a manifest abuse of discretion. *Department of Transportation v. McDonald,* 95 Pa. Commonwealth Ct. 117, 504 A.2d 430 (1986).

grounds are established. *Bruno v. Department of Transportation*, 54 Pa. Commonwealth Ct. 353, 422 A.2d 217 (1980). It is not necessary that any witnesses see Licensee operating the vehicle. *Haklits v. Commonwealth*, 44 Pa. Commonwealth Ct. 198, 418 A.2d 772 (1979). Moreover, an officer's reasonable belief will not be rendered ineffective if later discovery might disclose that the motorist was not, in fact, driving under the influence. *White v. Commonwealth*, 59 Pa. Commonwealth Ct. 156, 159, 428 A.2d 1044, 1047 (1981).

Our review of the record supports DOT's contention that the arresting officer had reasonable grounds to believe Licensee was driving under the influence and, therefore, had reasonable grounds to require a blood-alcohol test. The officer, who had twelve years experience as a police officer and experience in dealing with intoxicated persons, testified that he reported to the scene of a hit-and-run collision. At the scene, he found that the fleeing vehicle had left a trail of anti-freeze, which he followed to a severely damaged vehicle parked in front of a house. Licensee was in that house making a telephone call, but came outside at the request of the officer. Licensee made a statement to the officer that he had just been involved in an accident and he was trying to contact the police. Licensee testified that he was not the driver of the vehicle. The record, however, is clear that at the time the officer observed Licensee, there were no other persons present who had been in the vehicle or involved in the accident in any way. The record is equally clear, and the trial court found, that Licensee was in an intoxicated condition.

Clearly, the circumstances surrounding Licensee's appearance before the officer and the events culminating in his arrest would lead a reasonable person to believe that the Licensee had been driving the car. Since the officer had such reasonable belief, Licensee had a

duty to submit to any chemical test requested of him by the arresting officer. *Department of Transportation, Bureau of Traffic Safety v. Bartle,* 93 Pa. Commonwealth Ct. 132, 500 A.2d 525 (1985).

Because the Commonwealth met its burden of proving the requisite elements for a Section 1547 license suspension, Licensee's refusal to submit to the blood-alcohol test properly resulted in the one-year loss of driving privileges.

Accordingly, we reverse.

ORDER

The order of the Court of Common Pleas of Allegheny County, No. S.A. 1702 of 1984, dated October 17, 1985, is hereby reversed.