637 A.2d 721

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING,**

v.

**Thomas Curtis HOOVER, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 17, 1993.

Decided Jan. 28, 1994.

518

Thomas J. Pellish, for appellant.

David R. White, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In–Charge, Appellate Section, for appellee.

Before DOYLE and FRIEDMAN, JJ., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

Thomas Curtis Hoover appeals an order of the Court of Common Pleas of Schuylkill County which dismissed Hoover's appeal and affirmed a one year suspension of Hoover's operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing (DOT) pursuant to 75 Pa.C.S. § 1547(b) (suspension mandated for refusal to submit to chemical testing). We affirm.

■ The facts are essentially undisputed and, in fact, DOT and Hoover informed the trial court that they stipulated to all of the elements of DOT's burden of proof in these cases except for the question of whether Hoover had been driving, operating or was in actual control of movement of the motor vehicle. DOT introduced the testimony of Trooper Scott Henninger of the Pennsylvania State Police, the arresting officer. Hoover offered no evidence, choosing instead to only cross examine Henninger. Thereafter, the trial court entered an order and opinion which dismissed Hoover's appeal and sustained DOT's suspension of Hoover's operating privileges. Hoover now seeks our review.[1]

Hoover now presents the same argument that he put before the trial court in this matter; i.e., that Henninger did not have reasonable grounds to believe that Hoover had been driving, operating or was in actual control of movement of the motor vehicle. This argument was ably disposed of in the comprehensive and well reasoned opinion of the Honorable William E. Baldwin and we affirm on the basis of that opinion which follows:

"The defendant has appealed from the suspension of his driving privileges pursuant to 75 Pa.C.S.A. § 1547(b) based upon his refusal to submit to a chemical test of his breath or blood following his arrest for driving under the influence. At the hearing the parties stipulated that the only issue in dispute was whether or not the officer had reasonable grounds

1. Our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion and to ascertaining that all necessary findings of fact are supported by competent evidence. *Commonwealth v. Danforth,* 530 Pa. 327, 608 A.2d 1044 (1992).

to believe that the defendant was driving or in physical control of the vehicle. It was further stipulated that the defendant was arrested, requested to submit to a blood test, advised of the consequences of refusing to consent to the test, and that the defendant did refuse the test.

"Evidence at the hearing revealed that on May 24, 1992, Trooper Scott Henninger was on routine patrol in Porter Township on Route 125. As the trooper pulled out from an intersection, a Ford pickup truck which had been stopped at the other side of the intersection approached the trooper's vehicle and swerved into the trooper's line of travel. It was necessary for the trooper to swerve to evade a collision. He then turned around and followed the vehicle, observing it cross the center line on several occasions.

"When he stopped the vehicle, two people got out. The defendant exited the passenger side of the vehicle, and another individual the driver's side. The trooper noted a very strong smell of alcohol. Because the other individual acknowledged driving, he was arrested for driving under the influence. While the officer was interviewing the driver, the defendant was milling around making comments, including a statement that he was more intoxicated than the driver. The officer decided to take both individuals to the barracks because he felt that it was not safe to leave the defendant at the site where the vehicle was stopped in view of his obvious intoxication. The defendant voluntarily agreed to accompany the officer and driver on the trip to the barracks, and the defendant also agreed to be cuffed for his own safety.

"On the way to the barracks the defendant and the driver began to argue with the driver accusing the defendant of grabbing the wheel and causing the vehicle to swerve. The defendant acknowledged that he had grabbed the wheel and made it swerve toward the police cruiser. At this point the trooper stopped the police cruiser and placed the defendant under arrest for driving under the influence because of his acknowledgment that he had grabbed the wheel while in operation.

"In order to justify suspension of operating privileges the Commonwealth must show that the officer had reasonable grounds to believe that the motorist was operating the vehicle under the influence of alcohol. *Com., Department of Transportation v. Cantanese*, 111 Pa.Commw. 128, 533 A.2d 512 (1987). The question in this case is whether a passenger can be deemed to be operating or in control of a vehicle as a result of grabbing the steering wheel and causing the vehicle to swerve while in motion. To our knowledge that question has not previously been addressed by our appellate courts. The Vehicle Code at 75 Pa.C.S.A. § 1547(a) provides in relevant part:

> Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood. . . .

In *Com., Depart. of Transp. v. Farner*, 90 Pa.Commw. 201, 494 A.2d 513 (1985), the court turned to the definitions of the same words as they have been related to the offense of driving under the influence. In *Com. v. Kallus*, 212 Pa.Super. 504, 243 A.2d 483 (1968), the court in defining the term "operate," held that it is sufficient if the operator is in "actual physical control of the movements of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself." 212 Pa.Super. at 507, 243 A.2d at 485. In *Com. v. Brown*, 268 Pa.Super. 206, 407 A.2d 1318 (1979), the court determined that a vehicle had to actually be in motion for the operator to be "driving" the vehicle. In *Farner* the court concluded that "actual physical control" as used in § 1547 should be interpreted in the same way as operating a vehicle.

"In the instant case the vehicle was clearly in motion, and the action of the defendant in grabbing the steering wheel and causing the vehicle to swerve toward the police cruiser gave the defendant physical control of the movement of the vehicle. While all the cases we have found involve situations where the motorist was found sitting behind the steering wheel, there is

nothing in the statutory language that limits the application of § 1547 to those situations.

"Section 1547 clearly represents an attempt by the legislature to discourage licensed drivers within the Commonwealth from operating a motor vehicle while under the influence of alcohol because of the carnage caused by those who choose to do so. Grabbing the steering wheel of a moving vehicle and jerking it in such a manner as to cause the vehicle to veer towards another vehicle is a very foolish and dangerous act. In doing so the defendant clearly assumed physical control over the movement of the vehicle. While we have no doubt that the legislature when enacting § 1547 was focusing on the normal situation where a vehicle is under the control of the person sitting behind the steering wheel, the language of § 1547 does not limit its application to that situation. When a passenger in a vehicle chooses to engage in such foolish conduct as grabbing the steering wheel, stepping on an accelerator or unexpectedly stepping on the brake pedal of a moving vehicle, that person is assuming actual physical control over its movement. If the circumstances also warrant an officer to reasonably believe that the person engaging in such conduct is also under the influence of alcohol or a controlled substance, that person is deemed by § 1547 to have consented to a chemical test to determine the alcohol content of his blood.

"Accordingly, we enter the following:

"AND NOW, this 27th day of April, 1993, at 9:30 a.m., after hearing, it is hereby ORDERED that the appeal of the defendant from the suspension of his driver's license is DENIED."

Affirmed.

## ORDER

AND NOW, this 28th day of January, 1994, the April 27, 1993 order of the Court of Common Pleas of Schuylkill County at No. S–1283–1992 is affirmed.