Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Richard M. Dreisbach, Appellee.

Argued June 11, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

John L. Heaton, Assistant Attorney General, with him Anthony J. Maiorana, Assistant Attorney General, Robert W. Cunliffe, Deputy Attorney General, and Robert P. Kane, Attorney General, for appellant.

Frederick J. Lanshe, with him Lanshe, Lanshe and Lanshe, for appellee.

OPINION BY JUDGE MENCER, August 27, 1976:

In the early morning of June 8, 1975, Richard M. Dreisbach was found by police officers lying on the floor of an automobile which had recently crashed into a house on a residential street. After transportation to a hospital for treatment, Dreisbach was arrested and charged with operating a vehicle while under the influence of intoxicating liquor, a violation of Section 1037 of The Vehicle Code[1] (Code), 75 P.S. §1037. Dreisbach was requested to submit to a chemical test of his breath but refused.

Because of his refusal to take the test and pursuant to Section 624.1(a) of the Code, 75 P.S. §624.1(a), Dreisbach's operating privileges were suspended for 6 months, effective September 8, 1975. A timely appeal was filed to the Court of Common Pleas of Northampton County where, after a trial de novo, Dreisbach's motion to dismiss was granted and his license reinstated. The lower court ruled that the evidence presented by the Commonwealth was insufficient to establish that the arresting officer had reasonable grounds to believe Dreisbach to have been driving while under the influence of intoxicating liquor (hereinafter, "reasonable grounds").

The Commonwealth appealed, alleging that Section 624.1(a) of the Code does not limit the Secretary of Transportation's discretion to suspend a driver's license to cases in which the refusal to take the chemical tests is made after an arrest[2] by an officer having "reasonable grounds." Secondly, the Commonwealth

---

[1] Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §101 et seq.

[2] The arrest, of course, need only be an arrest "in fact." See Glass v. Bureau of Traffic Safety, 460 Pa. 362, 333 A.2d 768 (1975), and Commonwealth v. Griffie, 21 Pa. Commonwealth Ct. 403, 346 A.2d 838 (1975).

contends that if "reasonable grounds" are required, the evidence in the court below was sufficient to establish their existence.

This Court has had recent occasion to decide the first of these issues in *Bureau of Traffic Safety v. Schultz*, 25 Pa. Commonwealth Ct. 598, 360 A.2d 754 (1976). In that case, Judge BLATT, speaking for this Court, held that "as a condition precedent to a suspension of operating privileges pursuant to Section 624.1 (a), the arresting officer must have reasonable grounds to believe that the person charged with a violation of Section 1037 of the Code had been driving while under the influence of intoxicating liquor." 25 Pa. Commonwealth Ct. at 602-3, 360 A.2d at 757 (footnote omitted). The *Schultz* case and the cases cited therein are controlling here.

We must therefore examine the second question: whether the lower court erred as a matter of law in finding that the evidence in this case was insufficient to show that the arresting officer had reasonable grounds to believe Driesbach was driving while under the influence of intoxicating liquor. This Court may, of course, review the lower court's reversal of a license suspension pursuant to Section 624.1(a) of the Code for errors of law. *Bureau of Traffic Safety v. Drugotch*, 9 Pa. Commonwealth Ct. 460, 308 A.2d 183 (1973).

Whether evidence is sufficient to constitute "reasonable grounds" can only be decided on a case-by-case basis. The test, however, is not very demanding. We note initially that, for "reasonable grounds" to exist, the police officer obviously need not be correct in his belief that the motorist had been driving while intoxicated. We are dealing here with the authority to request a person to submit to a chemical test and not with the admission into evidence of the result of

such a test.[3] The only valid inquiry on this issue at the de novo hearing is whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor.[4] Thus, it is not relevant that the motorist later, at the time of trial, can establish a cause other than intoxication for such observed behavior as slurred speech or an unsteady gait. At trial, the only relevant factual defense would be a showing that the motorist's behavior was not, in fact, as the officer testified. It would then be for the trial court to resolve issues of credibility.

In the case at bar, Police Officer Michael S. Popovich testified that he detected the odor of alcohol on Dreisbach's breath and in his car and that Dreisbach's speech was slurred. These observations, coupled with the fact of the accident, were sufficient as a matter of law to give the officer "reasonable grounds" to believe Dreisbach was intoxicated.

The trial court concluded its opinion, stating:

''[W]e do not believe that the Commonwealth has met its burden of proving by a fair preponderance of the evidence that the police officer had reasonable grounds to believe that appellee had been driving the vehicle. Appellee was found lying in the car, but we don't know whether it was in the front or the back floor area.''

We disagree; a reasonable man finding a person alone in an automobile shortly after an accident in-

---

[3] *Compare Commonwealth v. Miles*, 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973), *with Commonwealth v. Reeves*, 223 Pa. Superior Ct. 51, 297 A.2d 142 (1972).

[4] *Cf. Commonwealth v. Quarles*, 229 Pa. Superior Ct. 363, 376, 324 A.2d 452, 459 (1974).

volving only one vehicle, in which that vehicle ran into a house, could reasonably conclude (whether rightly or wrongly) that that person was the vehicle's driver. Under the facts in this case, the officer had reasonable grounds to believe Dreisbach was operating the automobile.[5] Therefore, we must reverse the determination of the lower court and reinstate Dreisbach's 6 months' license suspension.

ORDER

Now, this 27th day of August, 1976, the order of the Court of Common Pleas of Northampton County in the above captioned case is reversed, and the suspension of Richard M. Dreisbach's motor vehicle operator's license is reinstated, the suspension to commence 20 days from the date of this order.

---

[5] We also note that in paragraph 2 of his petition to the lower court, which was a part of the record, Dreisbach admitted that "on June 8, 1975 your petitioner was operating his motor vehicle between the 600 and 700 block of Irving Street, Allentown, Lehigh County, Pennsylvania, when he was involved in an accident."