Mitchell D. Heaps, a Minor, by His Natural Mother and Guardian, Martha Heaps, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued September 12, 1977, before Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Jon J. Auritt,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., September 26, 1977:

This is an appeal from a decision of the Court of Common Pleas of Delaware County which dismissed appellant's appeal from the suspension of his driving privileges for 6 months, due to his refusal to submit to a breathalyzer test pursuant to Section 624.1(a) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §624.1(a). We affirm.

On the evening of December 21, 1975, a Radnor Township police officer, investigating a fatal accident, found appellant inside an overturned automobile. One other automobile was involved in the accident which took place on an icy stretch of road in Radnor Town-

ship. At the hearing on the license suspension the officer testified that he approached the overturned car, found appellant, and offered assistance. Appellant responded that he was fine and had been the operator of the automobile. The officer further testified that at that time he detected an odor of alcohol and also of transmission fluid and gasoline, the gasoline odor being most prevalent. The officer testified to detecting an odor of alcohol again when he helped lay appellant on a stretcher. The officer also testified on cross-examination that he could not perceive any disfunctioning or impairment of any motor or neural activity since appellant was carried from the car on a stretcher. Approximately one hour later the officer arrived at the hospital to which appellant had been taken and questioned appellant about the accident. Appellant stated that he had consumed one scotch and soda and ½ a bottle of wine over the course of a 1½-2 hour dinner prior to the accident. The officer then placed appellant under arrest and charged him with violating Section 1037 (operating a motor vehicle under the influence of intoxicating liquor), 75 P.S. §1037. Appellant was then requested by the officer to submit to a breathalyzer test pursuant to Section 624.1(a), which request he refused. On the basis of his refusal to submit to the breathalyzer test, appellant's driving privileges were suspended for 6 months.

The sole issue on appeal is whether the officer had reasonable grounds to believe appellant was driving while under the influence of intoxicating liquor. The essence of appellant's argument is that the detection of an odor of alcohol and appellant's admission that he had consumed a scotch and soda and ½ a bottle of wine during dinner prior to the accident are not sufficient to constitute reasonable grounds upon which a police officer can request a breathalyzer test.

Section 624.1(a) has been thoroughly discussed by this Court in two recent cases: *Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976); *Department of Transportation, Bureau of Traffic Safety v. Shultz,* 25 Pa. Commonwealth Ct. 598, 360 A.2d 754 (1976). In *Dreisbach, supra,* Judge MENCER, speaking for the Court, stated on the issue of whether the evidence is sufficient to constitute reasonable grounds:

> The only valid inquiry on this issue at the de novo hearing is whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor. (Footnote omitted.)

*Id.* at 205, 363 A.2d at 872.

In the instant case the trial court concluded that the evidence adduced at the hearing was sufficient to constitute reasonable grounds. We agree. The detection of the odor of alcohol—combined with appellant's admission that he had consumed a mixed drink and ½ bottle of wine during dinner prior to the accident is such evidence that would have led a reasonable person in the position of the police officer to conclude that appellant was operating the automobile under the influence of intoxicating liquor.

Accordingly, we will enter the following

ORDER

Now, September 26, 1977, the order of the Court of Common Pleas of Delaware County dated May 27, 1976, No. 76-3754, dismissing the appeal of Mitchell D. Heaps, a minor, by his natural mother and guardian Martha Heaps, from the 6 month suspension of his driving privileges for failure to submit to a breathalyzer test is affirmed.