Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. John C. Illingsworth, Jr., Appellee.

530

Argued March 5, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Edward G. Biester, Jr.,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE ROGERS, March 31, 1982:

The Department of Transportation has appealed from an order of the Court of Common Pleas of Delaware County reversing the suspension of the motor vehicle license of John C. Illingsworth. The Department has suspended Illingsworth's license because of his refusal to submit to a breathalyzer test. *See* Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547 (b). We reverse.

While there is some controversy concerning the events of the morning in question, the relevant facts are undisputed. In the early morning of January 20, 1978, Officer Daniel J. Constanini, Jr. observed Illingsworth do a one hundred and eighty degree turn in the middle of the highway. Officer Constanini then observed Illingsworth pull into a nearby Dunkin Donuts parking lot where he did another one hundred and eighty degree turn. Officer Constanini then pulled alongside Illingsworth and inquired whether Illingsworth had been drinking. Illingsworth replied that he had. Officer Constanini testified that he then requested Illingsworth to produce his driver's license and registration card, which Illingsworth refused to do. He further testified that he observed Illingsworth enter the store with a staggering gait. After calling for assistance, Officer Constanini and two other officers confronted Illingsworth in the store, at which time Officer Constanini detected the odor of alcohol on Illingsworth's breath. Officer Constanini again requested that Illingsworth produce his driver's license and registration card which Illingsworth again refused to do. Upon being informed that he was required by law to produce his driver's license and registration card upon request, Illingsworth produced his driver's license but refused to go to his car to get his registration card. Illingsworth was then placed under arrest for driving under the influence of alcohol.

Illingsworth concedes that he was arrested, that he was asked several times to submit to a breathalyzer test, and that he refused to do so. He argued successfully below that Officer Constanini did not have reasonable grounds to believe that Illingsworth was driving under the influence of alcohol, an element necessary to sustain the suspension based on refusal to submit to the breathalyzer test under Section 1547(b).

The test for determining whether reasonable grounds were present

> is not very demanding . . . the only valid inquiry on this issue at the de novo hearing is whether, at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor.

*Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 204-5, 363 A.2d 870, 872 (1976).

Illingsworth places great emphasis upon the fact that his two one hundred and eighty degree turns and the staggering gait observed by Officer Constanini could be attributable to the snowfall occurring at the time. We nevertheless agree with the Department that these circumstances, together with Illingsworth's admission that he had been drinking, his uncooperative behavior, and the bouquet of alcohol on his breath were sufficient to make the belief that he was under the influence of alcohol reasonable.

Order reversed.

### ORDER

AND Now, this 31st day of March, 1982, the order of the Court of Common Pleas of Delaware County is reversed.