## Michael A. Milaccio, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs April 7, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Steven R. Geroff*, for appellant.

*Harold H. Cramer*, Assistant Counsel, with him *Ward T. Williams*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellee.

OPINION BY JUDGE BARBIERI, June 27, 1983:

This is an appeal from an order of the Court of Common Pleas of Bucks County affirming a six month suspension of the driver's license of Michael A. Milaccio (Appellant). We affirm.

On July 21, 1979, Appellant was involved in a single vehicle accident. When a police officer arrived at the scene of the accident he observed that Appellant had difficulty maintaining his balance, that Appellant's speech was slurred and that Appellant's breath smelled of alcohol. Appellant was then placed under arrest for driving under the influence of alcohol. The officer then repeatedly asked Appellant to take a breathalyzer test, but on each occasion Appellant refused. Upon receiving notice of Appellant's refusal to submit to the breathalyzer test, the Department of Transportation, Bureau of Traffic Safety suspended Appellant's license

for a period of six months pursuant to the mandate of Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547.[1] Appellant subsequently appealed this suspension to the court of common pleas, and at a hearing de novo testified, *inter alia*, that while he had a few drinks on the day of the accident, he had primarily been under the influence of Robaxin, Darvon and Percodan, medications he had been taking to relieve back pain. The court subsequently affirmed the suspension, and the present appeal followed.

Before this Court, Appellant alleges that the court of common pleas erred as a matter of law by affirming his suspension since the evidence he presented below indicated that he was under the influence of drugs, not alcohol. We disagree.

The present case is controlled by our decision in *Department of Transportation, Bureau of Traffic Safety v. Dreisbach*, 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976) where we stated:

> The only valid inquiry on this issue at the de novo hearing [on a Section 1547 suspension] is whether, viewing the facts and circumstances as they appeared at the time a reasonable person in the position of the police officer could

---

[1] Section 1547 of the Vehicle Code provided in pertinent part as follows:

(a)  General Rule—Any person who operates a motor vehicle in this Commonwealth shall be deemed to have given consent to a chemical test of breath or blood ... if a police officer shall have reasonable grounds to believe the person to have been driving a motor vehicle while under the influence of alcohol....

(b)  Suspension for refusal.—

(1)  If any person placed under arrest for driving under the influence of alcohol is requested to submit to a chemical test and refuses to do so ... the department shall:

(i)  suspend the operating privilege of the person for a period of six months....

238

have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor. Thus, it is not relevant that the motorist later, at the time of trial, can establish a cause other than intoxication for such observed behavior as slurred speech or an unsteady gait. At trial, the only relevant factual defense would be a showing that the motorist's behavior was not, in fact, as the officer testified.

*Id.* at 205, 363 A.2d at 872. Since there is no dispute in the case *sub judice* that the police officer had a reasonable basis for believing that Appellant was operating his vehicle under the influence of alcohol, and that Appellant refused to take a breathalyzer test, the order of the court of common pleas sustaining the suspension of Appellant's license must be affirmed.

ORDER

Now, June 27, 1983, the Order of the Court of Common Pleas of Bucks County at No. 79-10908-06-6 dated March 20, 1980, is affirmed.