Daniel Castro, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs June 8, 1983, to Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

*Leonard J. Gajewski,* for appellant.

*Lawrence R. Wieder,* Assistant Counsel, with him *Harold H. Cramer,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, July 19, 1983:

Daniel Castro (licensee) appeals here an order of the Court of Common Pleas of Berks County which dismissed his appeal from an order of the Department of Transportation (DOT) suspending his operator's license because of his refusal to submit to a test of the alcoholic content of his blood.[1]

On December 21, 1980, the licensee was arrested for driving under the influence. On appeal from the DOT action, the trial court found, based on the arresting officer's unrefuted testimony, that, at the time of the officer's arrival at the scene, the licensee's car was facing the wrong way on a one-way street and damage had been done to several parked cars. The officer further testified that he found the licensee alighting from his vehicle and that he appeared to be "under the influence of some type of alcoholic beverages", but that, upon being requested to submit to a chemical analysis of his blood to determine the alcoholic content, he refused.[2]

---

[1] Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547.

[2] Because of an injury to the licensee's mouth a breathalyzer test could not be administered. The statute, however, clearly pro-

Our scope of review in a license suspension case is limited to determining whether or not the trial court's findings of fact are supported by competent evidence, whether or not an error of law was committed, or whether or not a manifest abuse of discretion occurred. *McMahon v. Commonwealth,* 39 Pa. Commonwealth Ct. 260, 395 A.2d 318 (1978); *White v. Commonwealth,* 59 Pa. Commonwealth Ct. 156, 428 A.2d 1044 (1981).

The licensee argues first that the record does not support the trial court's finding as to the officer's having had reasonable grounds to believe that the licensee had been driving a motor vehicle at the time of the alleged offense. Section 1547(a) of the Vehicle Code, 75 Pa. C. S. §1547(a). The DOT argues, however, and the trial court so found, that the officer's testimony, which was uncontradicted, was that he saw the licensee getting out of the vehicle. Together with the other circumstances (*e.g.* the damaged parked car), we believe that the officer's testimony was competent evidence upon which the trial court found that the licensee was driving the motor vehicle.[3] *See Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976).[4]

The licensee argues next that the DOT did not place evidence on the record to prove that the officer

vides for a blood test under these circumstances and a refusal of the blood test warrants the same suspension as refusal of a breath test. Section 1547(g) of the Vehicle Code, 75 Pa. C. S. §1547(g).

[3] Of course, questions of credibility are for the trial court to resolve. *McMahon.*

[4] In *Dreisbach,* the licensee was found lying on the floor of the vehicle. This Court held that the officer had reasonable grounds to believe that the licensee was the driver of the vehicle. Moreover, the question of whether or not reasonable grounds exist must be determined on a case-by-case basis. *Id.*

538

furnished notice to the DOT of any refusal on the licensee's part to take any test. The licensee's counsel candidly admits, however, that he can find no authority for the proposition that the DOT must affirmatively show that it received notice from the officer, and we believe that there is no such authority. The only elements necessary to find a violation are clearly set forth in the case law, and notice to the DOT is not included. *See Everhart v. Commonwealth,* 54 Pa. Commonwealth Ct. 22, 420 A.2d 13 (1980) (arrested for driving under the influence, asked to submit to test, refused, specifically warned that refusal will result in license suspension). Moreover, it is self-evident that the DOT did receive notice of the refusal.

We will, therefore, affirm the order of the trial court.

ORDER

AND Now, this 19th day of July, 1983, the order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby affirmed.