# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darnell M. Williams, : 
                         Appellant : 
                                  : 
               v. : No.  697 C.D. 2020 
                                  : Submitted:  March 17, 2023 
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing : 


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                                FILED:  July 14, 2023


      Darnell M. Williams (Licensee) appeals from the February 26, 2020 order of the Court of Common Pleas of Philadelphia County (trial court) denying his appeal of the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing's (DOT), one year suspension of his operating privilege under Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(i), commonly referred to as the Implied Consent Law,[1] based on Licensee's refusal to submit to a

---

[1] The Implied Consent Law, Section 1547(b)(1)(i) of the Vehicle Code, states in relevant part:

> (1) If any person placed under arrest for a violation of section 3802 [relating to driving under the influence] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, [DOT] shall suspend the operating privilege of the person as follows:

**(Footnote continued on next page…)**

chemical blood test. Licensee argues DOT failed to prove the arresting officer had reasonable grounds to believe Licensee was operating his vehicle under the influence of alcohol or a controlled substance. Upon review, we affirm.

## BACKGROUND

Pennsylvania State Police Trooper Kalle Baxley (Trooper Baxley) arrested Licensee for driving under the influence (DUI) on July 9, 2019. Trial Ct. Op. at 2. At the time of his arrest, Licensee refused to submit to a chemical blood test. *Id.* By notice mailed August 12, 2019, DOT warned Licensee that his driving privilege would be suspended for one year, effective September 16, 2019, due to his refusal to submit to chemical blood testing on July 9, 2019. Licensee timely appealed to the trial court.

On February 26, 2020, the trial court conducted a de novo trial and found the following relevant facts. While patrolling on July 9, 2019, Trooper Baxley responded to a two-vehicle crash on Interstate 76. Trial Ct. Op. at 3. Upon his arrival at the scene, he observed Licensee standing next to his vehicle. *Id.* at 4. Because the vehicles were blocking an off-ramp, Trooper Baxley requested both drivers move their vehicles. *Id.* Trooper Baxley then spoke with Licensee and observed Licensee had difficulty standing and was leaning on his vehicle's door to remain steady and upright. *Id.* After speaking with the other driver, Trooper Baxley returned to Licensee's vehicle and found Licensee had fallen asleep. *Id.* Trooper Baxley tapped on the window to wake Licensee and, while speaking with him,

---

(i) . . . for a period of 12 months.

75 Pa.C.S. § 1547(b)(1)(i).

2

observed Licensee had slurred speech. *Id*. At that point, Trooper Baxley requested Licensee perform field sobriety tests. *Id*.

Trooper Baxley had Licensee perform the horizontal gaze nystagmus (HGN), the walk-and-turn test, and the one-leg stand. *Id*. at 5. During these field sobriety tests, Trooper Baxley observed numerous indicators of impairment, which the trial court summarized as follows:

> The first test was a[n HGN] test which consisted of Trooper Baxley placing his pen approximately one foot in front of [Licensee's] face and having him hold his head still while following Trooper Baxley's pen with his eyes from left to right. Trooper Baxley observed that [Licensee's] pupils were constricted and that his eyes jerked, indicating nystagmus. [Licensee] met six out [of] six indicators for intoxication during the HGN test. Trooper Baxley then asked [Licensee] to perform a walk-and-turn test. Trooper Baxley instructed [Licensee] to walk for nine paces then turn around and walk nine paces back, following an imaginary line. He also demonstrated the necessary steps for [Licensee]. [Licensee] walked for a short distance but was not able to maintain his balance and therefore not able to complete the test. [Licensee] indicated on eight out of eight intoxication indicators for the walk-and-turn test. [Licensee] then informed Trooper Baxley that he had previously suffered a gunshot wound to the leg. Trooper Baxley instructed [Licensee] to perform the one-leg stand test. He allowed [Licensee] to choose which leg to accommodate his prior leg injury. [Licensee] briefly stood with one foot raised off the ground. [Licensee] swayed and indicated on four out of four cues for intoxication during his one-leg stand test.

Trial Ct. Op. at 4-5 (internal citations omitted).

Based on Trooper Baxley's observations, he concluded Licensee was too intoxicated to safely operate a vehicle and arrested him for DUI. *Id*. Trooper Baxley read Licensee the Implied Consent warnings[2] and Licensee responded several times that he was not taking the test. *Id*.

---

[2] The Implied Consent warnings, as outlined in DOT's DL-26B form, are as follows:
**(Footnote continued on next page…)**

The trial court denied Licensee's suspension appeal on February 26, 2020. Licensee now appeals to this Court.

## ANALYSIS

On appeal, Licensee asserts the trial court erred in denying his suspension appeal because DOT failed to prove Trooper Baxley had reasonable grounds to believe Licensee was driving while under the influence of alcohol or a controlled substance. Licensee's Br. at 9. In reviewing the trial court's decision, we are limited to "determining whether the trial court's findings are supported by substantial evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion." *McCloskey v. Dep't of Transp., Bureau of Driver Licensing*, 722 A.2d 1159, 1161 (Pa. Cmwlth. 1999). The trial court is fact-finder in license suspension appeals and determines credibility and

---

1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.

2. I am requesting that you submit to a chemical test of blood.

3. If you refuse to submit to the blood test, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, your operating privilege will be suspended for up to 18 months. If your operating privilege is suspended for refusing chemical testing, you will have to pay a restoration fee of up to $2,000 in order to have your operating privilege restored.

4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

Original Record (O.R.) at 58 (page references are to electronic pagination).

4

weight to be assigned to the evidence presented. *Factor v. Dep't of Transp., Bureau of Driver Licensing*, 199 A.3d 492, 497 (Pa. Cmwlth. 2018) (citation omitted).

Before addressing Licensee's specific claim, we note that to sustain a license suspension, DOT bears the burden of establishing: (1) a police officer arrested a licensee and *the officer had reasonable grounds to believe the licensee was operating a vehicle under the influence of alcohol or a controlled substance*; (2) the officer asked the licensee to submit to a chemical test; (3) the licensee refused to take the chemical test; and (4) the officer specifically warned the licensee that refusing the test would result in DOT suspending his or her driver's license. *Banner v. Dep't of Transp., Bureau of Driver Licensing*, 737 A.2d 1203, 1206 (Pa. 1999). The sole issue in this case is whether DOT met its burden of proving Trooper Baxley had reasonable grounds to believe Licensee operated his vehicle while under the influence of alcohol or a controlled substance.

Whether reasonable grounds exist is a question of law reviewable by this Court on a case-by-case basis. *Wilson v. Commonwealth*, 417 A.2d 867 (Pa. Cmwlth. 1980). In examining whether DOT has met its burden of proving reasonable grounds, this Court considers the totality of the circumstances in order to determine whether, as a matter of law, a person in the position of the arresting officer could have reasonably reached this conclusion. *See Yencha v. Dep't of Transp., Bureau of Driver Licensing*, 187 A.3d 1038, 1044 (Pa. Cmwlth. 2018). This test is not very demanding and requires even less proof than what is necessary to establish probable cause for a criminal prosecution. *Id*. (citation omitted). In *Department of Transportation, Bureau of Traffic Safety v. Dreisbach*, 363 A.2d 870 (Pa. Cmwlth. 1976), this Court set forth the reasonable grounds test:

> [F]or 'reasonable grounds' to exist, the police officer obviously need
> not be correct in his belief that the motorist had been driving while

intoxicated. We are dealing here with the authority to request a person to submit to a chemical test and not with the admission into evidence of the result of such a test. The only valid inquiry on this issue at the de novo hearing is **whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence [of alcohol or a controlled substance.]**

*Id*. at 872 (emphasis added). Courts should give deference to the investigating officer's experience and observations where reasonable grounds exist to support the officer's belief based on the totality of the circumstances. *Yencha*, 187 A.3d at 1045.

Here, the facts of record support the trial court's finding that Trooper Baxley had reasonable grounds to believe Licensee drove his vehicle while intoxicated. Trooper Baxley observed that Licensee had been in a motor vehicle collision, had difficulty maintaining his balance, and had slurred speech. Trooper Baxley also discovered Licensee had fallen asleep in his vehicle while still at the scene. Moreover, Trooper Baxley observed numerous indicators of impairment during Licensee's performance of the field sobriety tests.

In his brief, Licensee attempts to argue that each of Trooper Baxley's observations, individually, are not indicative of impairment or can be explained by conditions other than intoxication. *See* Licensee's Br. at 9-11. However, despite the fact that other inferences may be made, that does not render Trooper Baxley's belief any less reasonable. *See Riley v. Dep't of Transp., Bureau of Driver Licensing*, 946 A.2d 1115, 1119-21 (Pa. Cmwlth. 2008). The trial court accepted as credible Trooper Baxley's testimony concerning his observations of Licensee as he observed Licensee's demeanor, appearance, and behavior on the night of the incident. Given the totality of these circumstances, Trooper Baxley could have reasonably concluded

that Licensee drove his vehicle while intoxicated and, therefore, was justified in his request that Licensee submit to chemical testing.

For these reasons, we discern no error in the trial court's dismissal of Licensee's statutory appeal challenging his drivers's license suspension. Accordingly, the trial court's order is affirmed.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darnell M. Williams,                    :
                        Appellant        :
                                         :
            v.                           : No.  697 C.D. 2020
                                         :
Commonwealth of Pennsylvania,            :
Department of Transportation,            :
Bureau of Driver Licensing               :

## **O R D E R**

AND NOW, this 14th day of July 2023, the February 26, 2020 order of the Court of Common Pleas of Philadelphia County is **AFFIRMED**.

_____
STACY WALLACE, Judge