IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Piotr Sobon                            :
                                     :
        v.                     : No. 1157 C.D. 2023
                                     : Submitted: December 9, 2024
Commonwealth of Pennsylvania,     :
Department of Transportation,       :
Bureau of Driver Licensing,         :
                  Appellant   :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                         FILED: January 9, 2025

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the September 20, 2023 order (Order) of the Court of Common Pleas of Philadelphia County (trial court) sustaining the appeal of Piotr Sobon (Licensee) from DOT's one-year suspension of his operating privilege under Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(i), commonly referred to as the Implied Consent Law,[1] based on

---

[1] The Implied Consent Law, Section 1547(b)(1)(i) of the Vehicle Code, states in relevant part:

> (1) If any person placed under arrest for a violation of section 3802 [(relating to driving under the influence)] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, [DOT] shall suspend the operating privilege of the person as follows:

**(Footnote continued on next page…)**

Licensee's refusal to submit to a chemical blood test. DOT argues the trial court erred as a matter of law in holding the trooper did not have reasonable grounds to believe Licensee was driving, operating, or in actual physical control of the movement of his vehicle in violation of 75 Pa.C.S. § 3802. Upon review, we reverse.

**Background**

On September 20, 2022, Pennsylvania State Police Trooper Oliver (Trooper Oliver) arrested Licensee for driving under the influence of alcohol or a controlled substance (DUI). Reproduced Record (R.R.) at 18a. At the time of the arrest, Licensee refused to submit to a chemical blood test. *Id.* at 18a-19a. By notice mailed February 2, 2023, DOT warned Licensee his driving privileges would be suspended for one year, effective March 9, 2023, because of his refusal to submit to the chemical blood test. *Id.* at 7a. Licensee timely appealed to the trial court.

On September 20, 2023, the trial court conducted a trial *de novo*. At the trial, Trooper Oliver testified that he responded to a reported motor vehicle collision where a truck had rolled over after striking a tow truck. Trial Ct. Op. at 1, 5. Upon arrival on the scene, Trooper Oliver spoke with Licensee, who was the owner of the truck. Trial Ct. Op. at 1; R.R. at 18a. Licensee communicated to Trooper Oliver that he did not know what happened. Trial Ct. Op. at 1. The only other person present at the scene was the tow truck driver. R.R. at 19a. The tow truck driver told Trooper Oliver that Licensee struck his tow truck. R.R. at 19a-20a. While speaking with Licensee, Trooper Oliver detected a strong odor of an alcoholic beverage emanating from Licensee's breath. Trial Ct. Op. at 1. Furthermore, Trooper Oliver

_____

(i) . . . for a period of 12 months.

75 Pa.C.S. § 1547(b)(1)(i).

2

observed Licensee had bloodshot eyes. *Id.* Emergency medical services arrived at the scene and began a medical evaluation of Licensee. *Id.* at 2. Trooper Oliver then placed Licensee under arrest for DUI and read Licensee the Implied Consent warnings.[2] *Id.* Licensee refused to submit to a chemical blood test. R.R. at 18a.

Following the trial *de novo*, the trial court issued its Order sustaining Licensee's suspension appeal finding the trooper did not have reasonable grounds to believe licensee was driving while under the influence of alcohol or a controlled substance. DOT now appeals to this Court.

**Analysis**

On appeal, DOT asserts the trial court erred by sustaining Licensee's suspension appeal because Trooper Oliver had reasonable grounds to believe Licensee was driving while under the influence of alcohol or a controlled substance. DOT's Br. at 10. In reviewing the trial court's decision, our review is limited to

---

[2] The Implied Consent warnings, as outlined in DOT's DL-26B form, are as follows:

> 1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.
>
> 2. I am requesting that you submit to a chemical test of blood.
>
> 3. If you refuse to submit to the blood test, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, your operating privilege will be suspended for up to 18 months. If your operating privilege is suspended for refusing chemical testing, you will have to pay a restoration fee of up to $2,000 in order to have your operating privilege restored.
>
> 4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

R.R. at 28a.

determining "whether common pleas committed an error of law, whether common pleas abused its discretion, or whether the findings of fact are supported by substantial evidence." *Garlick v. Dep't of Transp., Bureau of Driver Licensing*, 176 A.3d 1030, 1035 n.6 (Pa. Cmwlth. 2018). The trial court is the fact-finder in license suspension appeals and determines credibility and weight to be assigned to the evidence presented.[3] *Factor v. Dep't of Transp., Bureau of Driver Licensing*, 199 A.3d 492, 497 (Pa. Cmwlth. 2018) (citation omitted).

Before addressing Licensee's specific claim, we note that to sustain a license suspension, DOT must establish: (1) a police officer arrested the licensee for DUI and the officer had reasonable grounds to believe the licensee was operating the vehicle under the influence of alcohol or a controlled substance; (2) the officer asked the licensee to submit to a chemical test; (3) the licensee refused to submit to the chemical test; and (4) the officer warned the licensee that refusal of the chemical test might result in a license suspension. *Banner v. Dep't of Transp., Bureau of Driver Licensing*, 737 A.2d 1203, 1206 (Pa. 1999). The sole issue in this case is whether DOT met its burden of proving Trooper Oliver had reasonable grounds to believe Licensee operated his vehicle while under the influence of alcohol or a controlled substance.

Whether the officer had "reasonable grounds" is a question of law reviewable by this Court on a case-by-case basis. *Wilson v. Commonwealth*, 417 A.2d 867, 868 (Pa. Cmwlth. 1980). In examining whether DOT has met its burden of proving

---

[3] The trial court based its findings of fact on Trooper Oliver's account of the events. Furthermore, the trial court did not declare Trooper Oliver's testimony incredible. Therefore, the trial court implicitly found Trooper Oliver credible by crediting his account of the events. *See Hasson v. Dep't of Transp., Bureau of Driver Licensing*, 866 A.2d 1181 (Pa. Cmwlth. 2005) ("We agree with [DOT] that the trial court implicitly found [the officer] credible by crediting his account of the events.").

4

reasonable grounds, this Court considers the totality of the circumstances to determine whether, as a matter of law, a person in the position of the arresting officer could have reasonably reached this conclusion. *See Yencha v. Dep't of Transp., Bureau of Driver Licensing*, 187 A.3d 1038, 1044 (Pa. Cmwlth. 2018). The test for "reasonable grounds" is not demanding and requires even less proof than what is required to establish probable cause for a criminal prosecution. *Id*. (citation omitted). In *Department of Transportation, Bureau of Traffic Safety v. Dreisbach*, 363 A.2d 870 (Pa. Cmwlth. 1976), this Court set forth the reasonable grounds test:

> [F]or 'reasonable grounds' to exist, the police officer obviously need not be correct in his belief that the motorist had been driving while intoxicated. We are dealing here with the authority to request a person to submit to a chemical test and not with the admission into evidence of the result of such a test. The only valid inquiry on this issue at the de novo hearing is **whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence [of alcohol or a controlled substance.]**

*Id*. at 872 (emphasis added). "Cases which find officers had reasonable grounds to conclude a licensee drove while under the influence generally involve licensees who were observed driving or were found inside of their vehicles with other indicators that they had been driving." *Rodriguez v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 965 C.D. 2022, filed Aug. 16, 2023), slip op. at 7.[4] However, there are cases in which the court determined the officer had reasonable grounds to believe that the licensee had been driving based on the other individuals at the scene of the accident identifying the licensee as the driver of the vehicle. *See, e.g.*, *Helt v. Dep't of Transp., Bureau of Driver Licensing*, 8526 A.2d 263, 266 (Pa.

---

[4] An unreported decision of this Court issued after January 15, 2008, may be cited for its persuasive value pursuant to this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Cmwlth. 2004). Courts should give deference to the investigating officer's experience and observations as to whether reasonable grounds exist to support the officer's belief based on the totality of the circumstances. *Yencha*, 187 A.3d at 1045.

Here, the trial court found there was not sufficient evidence to establish Trooper Oliver had reasonable grounds to believe Licensee was operating a vehicle under the influence of alcohol or a controlled substance. In reaching this conclusion, the trial court relied on the Pennsylvania Supreme Court's *Banner* decision and this Court's recent *Rodriguez* decision.

In *Banner*, an officer responded to a dispatch for a suspicious vehicle and found the licensee reclined in the passenger seat. *Banner*, 737 A.2d at 1204. Although the keys were in the ignition, the engine was not running, and the lights were off. *Id.* When the officer tapped the car window, the licensee awakened and reached for the keys in the ignition. *Id.* After the licensee failed field sobriety tests, the officer asked licensee to submit to a chemical test, which the licensee refused. *Id.* Ultimately, the Court determined there was too tenuous of a connection to afford the officer reasonable grounds to believe the licensee was in actual physical control of the movement of the vehicle while intoxicated. *Banner*, 737 A.3d at 1208.

In *Rodriguez*, an officer responded to the scene of an automobile accident and found the licensee outside of the vehicle with numerous other people present. *Rodriguez*, slip op. at 2-3. The officer observed the licensee to be "staggering slightly" and had "slightly slurred speech," but the officer did not perform any sobriety tests because he was not trained to do so. *Id.* at 3. The officer testified that he did not recall finding keys on the licensee, whether the licensee said he was driving, in whose name the vehicle was registered, or whether he smelled any drugs or alcohol. *Id.* The officer placed the licensee under arrest for suspicion of DUI and

6

requested he submit to a chemical test. *Id.* The Licensee refused. *Id.* The trial court denied the licensee's appeal of the suspension of his operating privilege.[5] *Id.* On appeal, the parties filed a joint stipulation stating that upon review of the hearing transcript, the officer did not have reasonable grounds to believe the licensee was operating a vehicle while under the influence of alcohol or a controlled substance. *Id.* at 5. Our Court found that looking at the objective evidence, the officer did not have reasonable grounds to conclude that the licensee had been operating or had been in actual physical control of the vehicle while under the influence of alcohol or a controlled substance. *Id.* at 9-10. Our Court reversed the trial court's order. *Id.* at 10.

The facts here are distinguishable from those in *Banner* and *Rodriguez*. Here, Trooper Oliver observed Licensee's vehicle had been involved in a motor vehicle collision, Licensee had a strong odor of alcoholic beverage emanating from his breath, and Licensee had bloodshot eyes. Additionally, the only other person at the scene when Trooper Oliver arrived was the tow truck driver. The tow truck driver told Trooper Oliver Licensee struck his tow truck.

Furthermore, DOT does not have to prove each element of the DUI offense to meet its burden. Here, DOT must only establish the officer had reasonable grounds

---

[5] The trial court judge in *Rodriguez* evaluated whether the officer had probable cause to arrest in the trial *de novo* rather than whether the officer had reasonable grounds to conclude the licensee was operating the vehicle under the influence of alcohol or a controlled substance. *Rodriguez*, slip op. at 4. In the 1925(a) Opinion in support of its Order denying the Licensee's administrative appeal, the trial judge cited the Superior Court opinion *Commonwealth v. Welshans*, 580 A.2d 379, 381 (Pa. Super. 1990). *Id.*, slip op. at 4. He cited *Welshans* to define when probable cause exists and to support the conclusion that the evidence in *Rodriguez* established there was probable cause for the officer to make an arrest for DUI. *Id.* at 4-5. However, the standard to sustain a license suspension is "reasonable grounds." *See Banner*, 737 A.2d at 1206. It is not the "probable cause to arrest" standard used by the trial court judge in *Rodriguez*. *See Rodriguez*, slip op. at 4-5.

to believe Licensee was operating the vehicle under the influence, which requires even less proof than what is required to establish probable cause for a criminal prosecution.[6] *See Yencha*, 187 A.3d at 1044. Therefore, considering the totality of the circumstances as they appeared at the time, a reasonable person in Trooper Oliver's position could have concluded Licensee was operating the vehicle under the influence of alcohol.

**Conclusion**

For these reasons, the trial court erred by sustaining Licensee's statutory appeal challenging his driver's license suspension. Accordingly, the trial court's Order is reversed.

_____
STACY WALLACE, Judge

---

[6] The parties do not dispute Trooper Oliver asked Licensee to submit to a chemical test or that Licensee refused to submit to the chemical test; nor do they dispute Trooper Oliver warned Licensee that refusal may result in a suspension of his operating privilege. R.R. at 18a; s*ee Banner*, 737 A.2d at 1206.

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Piotr Sobon                                    :
                                               :
            v.                                 : No.  1157 C.D. 2023
                                               :
Commonwealth of Pennsylvania,                  :
Department of Transportation,                  :
Bureau of Driver Licensing,                    :
                        Appellant  :

## **O R D E R**

**AND NOW**, this 9th day of January 2025, the September 20, 2023 order of the Court of Common Pleas of Philadelphia County is **REVERSED**, and the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, is hereby directed to reinstate the one-year suspension of Appellee Piotr Sobon's operating privilege.

_____
STACY WALLACE, Judge